**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

No. 99-10599
Summary Calendar

---

ROBERT L. DRAKE,

Plaintiff-Appellant,

VERSUS

136th AIRLIFT WING, Texas Air National Guard; JANET RENO, United States Attorney General; PAUL COGGINS, United States Attorney; PAUL WEAVER, Director, Air National Guard; DANIEL JAMES, Texas Air National Guard, ADJ GEN; JOHN P HONEA, Major; KEITH TOWNSEND, Captain; F WHITTEN PETERS, Secretary of the United States Air Force,

Defendants-Appellees.

---

ROBERT L. DRAKE,

Plaintiff-Appellant,

VERSUS

136th AIRLIFT WING, Texas Air National Guard; JANET RENO, United States Attorney General; PAUL COGGINS, United States Attorney; PAUL WEAVER, Director, Air National Guard; DANIEL JAMES, Texas Air National Guard, ADJ GEN; KEITH TOWNSEND, Texas Air Nation Guard, EEO; JOHN P HONEA, Major; JOSEPH HOOTEN, CMSGT; JUANITA NOKELEY, TSGT; GREGORY PRICKETT, TSGT; F WHITTEN PETERS, Secretary of the United States Air Force,

Defendants-Appellees.

---

ROBERT L. DRAKE,

Plaintiff-Appellant,

VERSUS

HQ TEXAS AIR NATIONAL GUARD; JANET RENO, United States Attorney General; PAUL COGGINS, United States Attorney; PAUL WEAVER, Director, Air National Guard; DANIEL JAMES, Texas Air National Guard, ADJ GEN; KEITH TOWNSEND; JUSTE SANCHEZ, Texas Air National Guard/IO; AMY ASHER, Captain; F WHITTEN PETERS, Secretary of the United States Air Force,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC Nos.  3:98-CV-1673, 3:98-CV-1674, 3:98-CV-1675

January 31, 2000

Before SMITH, BARKSDALE and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Robert L. Drake appeals the dismissal of three consolidated lawsuits in which he alleged race discrimination and retaliation in violation of Titles VI and VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d and 2000e (1994), and violations of the Privacy Act of 1974, 5 U.S.C. § 552a (1996).  We affirm.

Drake is a sergeant in the Texas Air National Guard ("TXANG"). He alleges that he was denied promotion because of his race, African-American and that after he filed a complaint of racial discrimination with TXANG, military personnel retaliated against him and circulated a list of the names of individuals who had witnessed the discriminatory acts.

The district court was correct in dismissing Drake's Title VI and Title VII claims.  Enlisted military personnel may not seek damages in federal court for violations of constitutional rights in intraservice disputes.  *See Holdiness v. Stroud*, 808 F.2d 417, 423 (5th Cir. 1987).

The Privacy Act forbids an agency from disclosing any record to another person except pursuant to a written request by, or with the prior written consent of, the individual to whom the record

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pertains.  5 U.S.C. 552a(b).  The list of persons who allegedly witnessed discrimination against Drake is not a Privacy Act "record."  *See* 5 U.S.C. § 552a(a)(4).  The district court was therefore correct in holding that Drake failed to state a cognizable claim under the Privacy Act.

For the foregoing reasons, we AFFIRM the district court's dismissal of Drake's law suits.

AFFIRMED.